UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA          :
                                              SEALED INDICTMENT
        - v. -                    :
                                              S3 12 Cr. 882
MAURICIO ALEJANDRO ALVAREZ-GIRALDO, :
  a/k/a "Vampiro,"
                                  :
             Defendant.
                                  :
- - - - - - - - - - - - - - - - - - -x

COUNT ONE

(Narcotics Conspiracy)

The Grand Jury charges:

**Background of the Conspiracy**

1. During the time relevant to this Indictment, MAURICIO ALEJANDRO ALVAREZ-GIRALDO, a/k/a "Vampiro," the defendant, was a member of an organization that transported cocaine from Colombia and Venezuela to Haiti and the Dominican Republic, where the cocaine would be further transported for ultimate importation to, among other places, the United States. The organization used airplanes to fly multi-hundred kilogram loads of cocaine, principally from clandestine airstrips in Venezuela to clandestine airstrips in Haiti. During the approximately eight-year period relevant to this Indictment, the organization transported, in total, at least several tons of cocaine, via multiple international flights.

2. During the time relevant to this Indictment, MAURICIO ALEJANDRO ALVAREZ GIRALDO, a/k/a "Vampiro," the

defendant, among other things, assisted in receiving drug-laden airplanes in Haiti, made payments to others for the transportation of the organization's cocaine, and supervised others in Haiti on behalf of the organization.

### Statutory Allegations

3. From at least in or about 2004 through in or about February 2012, in Colombia, Venezuela, Haiti, the Dominican Republic, and elsewhere, MAURICIO ALEJANDRO ALVAREZ-GIRALDO, a/k/a "Vampiro," the defendant, who will be arrested and first brought to the Southern District of New York, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

4. It was a part and an object of the conspiracy that MAURICIO ALEJANDRO ALVAREZ-GIRALDO, a/k/a "Vampiro," the defendant, and others known and unknown, would and did import into the United States from a place outside thereof five kilograms and more of a mixture and substance containing a detectable amount of cocaine, in violation of Sections 812, 952(a), 960(a)(1), and 960(b)(1)(B) of Title 21, United States Code.

5. It was further a part and an object of the conspiracy that MAURICIO ALEJANDRO ALVAREZ-GIRALDO, a/k/a "Vampiro," the defendant, and others known and unknown, would and

did distribute a controlled substance, to wit, five kilograms and more of a mixture and substance containing a detectable amount of cocaine, intending and knowing that such substance would be imported into the United States from a place outside thereof, and into waters within a distance of 12 miles of the coast of the United States, in violation of Sections 812, 959(a), 960(a)(3) and 960(b)(1)(B) of Title 21, United States Code.

### Overt Acts

6. In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt acts, among others, were committed:

   a. In or about 2006, MAURICIO ALEJANDRO ALVAREZ-GIRALDO, a/k/a "Vampiro," the defendant, together with co-conspirators not named as defendants herein, caused an airplane loaded with approximately 450-480 kilograms of cocaine to travel from Venezuela to Haiti.

(Title 21, United States Code, Sections 959 and 963, and
Title 18, United States Code, Section 3238.)

### FORFEITURE ALLEGATION

7. As a result of committing the controlled substance offense alleged in Count One of this Indictment, MAURICIO ALEJANDRO ALVAREZ-GIRALDO, a/k/a "Vampiro," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853 and 970, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a

result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment.

## Substitute Asset Provision

8. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant –

> a. cannot be located upon the exercise of due diligence;
>
> b. has been transferred or sold to, or deposited with, a third person;
>
> c. has been placed beyond the jurisdiction of the Court;
>
> d. has been substantially diminished in value; or
>
> e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 853 and 970.)

_____          Preet Bharara
FOREPERSON                         PREET BHARARA
                                   United States Attorney

4

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v -

**MAURICIO ALEJANDRO ALVAREZ-GIRALDO,
a/k/a "Vampiro,"**

Defendant.

**SEALED
SUPERSEDING INDICTMENT**

21 U.S.C. §§ 959 & 963

PREET BHARARA
United States Attorney.

Foreperson.

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v -

**MAURICIO ALEJANDRO ALVAREZ-GIRALDO,
a/k/a "Vampiro,"**

Defendant.

**SEALED
SUPERSEDING INDICTMENT**

21 U.S.C. § 963

PREET BHARARA
United States Attorney.

*Foreperson.*

11/27/12  FILED SEALED INDICTMENT  ARREST WARRANT ISSUED
COTT, USMJ